UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAVERNE REECE,

                Plaintiff,

-against-

ALVIN THOMAS,

                Defendant.

21-CV-10394 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. She alleges that attorney Alvin Thomas filed multiple bankruptcy petitions on her behalf without her authorization. By order dated December 7, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Laverne Reece, of Scarsdale, New York, brings this suit against attorney Alvin Thomas, of Mount Vernon, New York. This is her second suit against him, and Plaintiff states that she brings this complaint as a "follow-up complaint . . . to [her] prior complaint." (ECF 2 ("Pl. Compl.") at 8.). In *Reece v. Thomas*, No. 21-CV-7831 (LTS) (S.D.N.Y. Nov. 29, 2021), Plaintiff alleged that, in 2000, she hired Thomas to manage her rental property. In 2021, Rushmore Loan Management called Plaintiff to say that the mortgage had been unpaid for the past 19 months. Plaintiff contacted the tenant, who told her that she had paid Thomas on time and had not missed a single payment in the last 20 years. Plaintiff asserted that she learned that Thomas had fraudulently taken out several additional mortgages without her knowledge, and had collected rental income from tenants without paying the mortgage(s). That suit was dismissed on the ground that the federal court lacked subject matter jurisdiction of the matter, and the state law claims against Thomas were dismissed without prejudice to Plaintiff's pursuing them in state court.

In this complaint, Plaintiff alleges the following facts: In 2017 and 2018, attorney Thomas filed bankruptcy proceedings, purportedly on Plaintiff's behalf, but without her knowledge. *See In re Laverne Reece*, No. 7:17-BK-22703 (S.D.N.Y. Bankr. Sept. 11, 2017) (Chapter 7 bankruptcy petition dismissed on default), and *In re Laverne Reece*, No. 7:18-BK-23412 (S.D.N.Y. Bankr. Feb. 21, 2019) (dismissing action after debtor's failure to attend the meeting of creditors under 11 U.S.C. § 341).[1] Plaintiff states that she has not met with Thomas in

---

[1] On October 18, 2018, U.S. Bank Trust, N.A. moved in *In re Laverne Reece*, No.7:18-BK-23412, to lift the automatic bankruptcy stay, in order to foreclose on a mortgage loan secured by the property at 410 S 2nd Avenue, Mount Vernon, NY 11550. (ECF 7 at 3). According to the motion, U.S. Bank Trust, N.A. was the assignee of the original mortgagee, First Financial Equities, Inc., which had issued a loan on January 27, 2003, for the principal amount of

person for more than "a decade," and that she "did not authorize Thomas to file for bankruptcy." (*Id.* at 8.) The bankruptcy petitions have "ruined [Plaintiff's] credit." (*Id.*)

Plaintiff further alleges that she has "never had any consumer debt, loans, credit lines, [or] owned any credit cards." (*Id.* at 8.)  Plaintiff attaches to the complaint credit reports that nevertheless shows charge cards (Macys, Lord & Taylor) and credit cards opened in her name between 2002 and 2004. (*Id.* at 10.) The consumer credit report indicates that the accounts were closed between 2012 and 2018 and that no payments had ever been late. Plaintiff indicates that Thomas's business address at 10 Fiske Place in Mount Vernon "appears on [her] credit report as belonging to" her. (*Id.* at 8.)

Plaintiff names Thomas as the sole defendant in this action, and she does not specify what relief she is seeking.

## DISCUSSION

Federal courts have limited subject matter jurisdiction. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331 or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the value of $75,000, 28 U.S.C. § 1332. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

$196,500. U.S. Bank Trust, N.A. represented that as of September 2018, the outstanding balance on the mortgage was $416,182.55 – which it stated was more than the value of the property.

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[2] A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Invoking federal question jurisdiction, without pleading facts demonstrating a federal claim, does not create subject matter jurisdiction in federal court. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff contends that her claims arise under the Court's federal question jurisdiction because her suit involves Defendant Thomas's "false bankruptcy filing." (*Id.* at 2.) Although Plaintiff may have some remedies for the harms alleged in her complaint, these allegations do not appear to demonstrate a federal claim cognizable in a civil action in this Court. Plaintiff may be able to move in the Bankruptcy Court to reopen her Chapter 7 proceedings, *In re Laverne Reece*, No. 7:17-BK-22703 (S.D.N.Y. Bankr.); *In re Laverne Reece*, No.7:18-BK-23412 (S.D.N.Y. Bankr. Feb. 21, 2019), and seek relief regarding those proceedings, which she alleges were filed without her knowledge or authorization.[3]

---

[2] Plaintiff does not invoke the Court's diversity jurisdiction, 28 U.S.C. § 1332. Nor can she – both parties are alleged to reside in Westchester County, New York, and are thus citizens of the same state.

[3] Federal law contains an explicit provision governing nonlawyer bankruptcy petition preparers who engage in fraud, 11 U.S.C. § 110; *In re Ali*, 230 B.R. 477, 481 (E.D.N.Y. Bankr. 1999) (Swain, J.) ("Subsection (i) of section 110 requires a bankruptcy court to make a certification to the District Court in the event a bankruptcy petition preparer "violates this section or commits any fraudulent, unfair or deceptive act."). Defendant Alvin Thomas, however, is a lawyer admitted to practice in New York and thus not governed by section 110.

Federal criminal laws also penalize fraud and false statements in bankruptcy proceedings. *See, e.g.*, 11 U.S.C. § 152.[4] A private plaintiff, however, cannot prosecute a federal criminal action. *See Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) ("[T]he decision to prosecute is solely within the discretion of the prosecutor."). Plaintiff can, however, bring information about potentially criminal conduct to the attention of the authorities – the U.S. Attorney's Office or perhaps the Office of the U.S. Trustee. In addition, a complaint against an attorney in Westchester County can be filed with the attorney grievance committee of the Supreme Court of the State of New York, Second Department.

Plaintiff bears the burden of pleading facts showing that her claims can proceed in federal court. *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (holding that the plaintiff bears the burden of establishing subject matter jurisdiction). Plaintiff has not invoked any federal law that applies to her claim, and her claim that Defendant defrauded her arises under state law (even if it involved the filing of a suit in federal Bankruptcy Court). The Court therefore lacks subject matter jurisdiction of this action and must therefore dismiss this action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although it appears to the Court that the defects in Plaintiff's complaint cannot be cured with an amendment, and that she must instead pursue her claims in a different forum, the Court directs the Clerk of Court to hold this matter open on the docket for 30 days. Plaintiff can, within that

---

[4] In addition, state civil and criminal laws govern fraud generally.

period, file an amended complaint pleading facts showing that her claims arise under federal law. If Plaintiff fails, within 30 days, to file an amended complaint showing that she has a federal claim, the Court will enter judgment dismissing this action without prejudice.

Plaintiff may wish to consider contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently only available by telephone.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court directs the Clerk of Court to hold this matter open on the docket for 30 days. If Plaintiff fails, within 30 days, to file an amended complaint showing that she has a federal claim, the Court will enter judgment dismissing this action without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   December 22, 2021
         New York, New York

                               /s/ Laura Taylor Swain
                               LAURA TAYLOR SWAIN
                               Chief United States District Judge

# Notice For Pro Se Litigants

**As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.**

**Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.**

**If you need the assistance of the clinic, please call <u>212-659-6190</u> and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.**

**Please be patient because our responses to your messages may be delayed while we transition to phone appointments.**



